UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco

| | |
|---|---|
| TRUSTEES OF THE ILWU-PMA PENSION PLAN,<br><br>Plaintiff,<br><br>v.<br><br>LINDRA ANDERSON, et al.,<br><br>Defendants.<br>_____/ | No. C 14-03694 JSW (LB)<br><br>**ORDER DIRECTING PLAINTIFFS TO SERVE LINDRA ANDERSON WITH THEIR MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs filed a complaint in interpleader and served it personally on Defendant Lindra Anderson, who never appeared or answered. (Complaint, ECF No. 1; Certificate of Service, ECF No. 7.) However, Plaintiffs and Defendant Ira Anderson (who did appear and answer) stated in their November 5, 2014 case management conference statement that while Lindra Anderson "has not yet filed an Answer or otherwise appeared in this case," "on September 22, 2014 [she] informed Plaintiffs that she intends to respond to the Complaint." (11/5/2014 CMC Statement, ECF No. 15 at 3.) She never did. Plaintiffs then moved for and obtained entry of default. (Request for Entry of Default, ECF No. 19; Entry of Default, ECF No. 21.) The record reflects no notice to Lindra Anderson of that. Then, Plaintiffs moved for default judgment. (Motion fro Default Judgment, ECF No. 25.) Again, the record reflects no notice to Lindra Anderson of that, either.

The hearing on the motion currently is set for March 19, 2015, at 9:30 a.m. Under the circumstances, the court directs Plaintiffs to serve Lindra Anderson by regular and certified mail (or

some other method that reflects actual receipt) with their motion for default judgment and a copy of this order. *See In re Roxford Foods, Inc.*, 12 F.3d 875, 880 (9th Cir. 1993) ("While it is true that '[t]he failure to provide 55(b)(2) notice, if the notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do so,' *Wilson*, 564 F.2d at 369, notice is only required where the party has made an appearance. 'The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.' *Id.*"). Plaintiffs then must file a proof of service and thereafter must file a declaration with any updates about delivery or other contacts with Lindra Anderson. Also, as to notice, the court's view is that regular mail is immediate, and the second method more definitively establishes receipt, but Plaintiffs may use whatever method they deem best suited to establishing the record that a default judgment requires. The court will keep the hearing on calendar as is its custom with default judgments in order to make a clean record. Plaintiffs' counsel may appear by telephone either by CourtCall or by providing a contact number to courtroom deputy Lashanda Scott at 415-522-3140.

**IT IS SO ORDERED.**

Dated: March 6, 2015

_____
LAUREL BEELER
United States Magistrate Judge