UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TRUSTEES OF THE ILWU-PMA PENSION PLAN,<br><br>Plaintiff,<br><br>v.<br><br>LINDRA V ANDERSON, et al.,<br><br>Defendants. | Case No. 14-cv-03694-JSW   (LB)<br><br>**REPORT AND RECOMMENDATION TO SET ASIDE ENTRY OF DEFAULT**<br><br>[ECF NO. 25] |

## INTRODUCTION

This interpleader action is about the rightful beneficiary to the late Richard Anderson's pension-plan benefits. The two possible beneficiaries are Ira J. Anderson and Lindra V. Anderson. The clerk of the court previously entered default against Lindra Anderson. (ECF No. 21.)[1] The trustees of the pension plan thereafter moved for default judgment. (ECF No. 25.) The district court referred it to the undersigned for a report and recommendation. (ECF No. 26.) Ms. Anderson then appeared on March 19, 2015, and the plaintiffs said that they did not oppose her participation in the litigation. The parties also said that they were considering consenting to magistrate-judge jurisdiction. The court set a further case-management conference on April 23, 2015, to facilitate the parties' consideration of that option. For now, the court issues this report and recommendation

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

REPORT AND RECOMMENDATION
(No.  14-cv-03694-JSW(LB))

1  that the district court set aside the entry of default and deny the motion for default judgment as
2  moot.

**STATEMENT**

After the district court referred the motion for default judgment, the undersigned directed the plaintiff trustees of the plan to notify Lindra Anderson because the record showed no notice to her of the motion. (ECF No. 31.) Notice is required when a party has made an appearance. *See* Fed. R. Civ. P. 55(b)(2). Notice is not necessarily formal. *See In re Roxford Foods, Inc.*, 12 F.3d 875, 880 (9th Cir. 1993) ("While it is true that '[t]he failure to provide 55(b)(2) notice, if the notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do so,' *Wilson*, 564 F.2d at 369, notice is only required where the party has made an appearance. 'The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.' *Id.*"). Here, the court ordered notice because the November 2014 case-management statement showed that the trustee had contact with Ms. Lindra Anderson. (11/5/2014 CMC Statement, ECF No. 15 at 3.) Specifically, it said that while Lindra Anderson "has not yet filed an Answer or otherwise appeared in this case," "on September 22, 2014 [she] informed Plaintiffs that she intends to respond to the Complaint." (*Id.*)

Lindra Anderson appeared personally in court on March 19, 2015, which was the date that the court set on the plaintiffs' motion to enter default judgment against her. She explained that she did not know about the entry of default or the other case events, and she said that she would be representing herself. She also asked for reasonable advance notice of court dates because she lives in Washington state and needs to make plans in advance to travel here. She entered an appearance and provided the court with her contact information, including her email address, which is now reflected on the court's docket sheet.

The undersigned gave Ms. Anderson a copy of the district's handbook for litigants representing themselves and the brochure for the district's help desk for litigants representing themselves. The undersigned explained that she could apply to file documents and receive notice

REPORT AND RECOMMENDATION
(No. 14-cv-03694-JSW(LB))            2

of filed events over the ECF system. The application to apply for permission to file electronically and other resources are on the court's website at cand.uscourts.gov. The third tab from the left is called "Pro Se Litigants" and that is where the resources are. The court also said that it would mail and email a copy of this order.

At the hearing, the plaintiffs said that (1) they had "no objection" to Lindra Anderson's appearing now in the case, (2) their only interest is paying the pension-plan benefits to the correct beneficiary, and (3) the court could set aside Lindra's default. The necessary outcome thus is that the motion for default judgment is moot.

Plaintiffs' counsel and counsel for defendant Ira Anderson also said that they were contemplating consenting to magistrate jurisdiction. The court thus provided the parties with consent forms, set a further case-management conference on April 23, 2015, at 11 a.m., directed a short updated case-management statement by April 15, 2015, and said that Ms. Anderson could appear by telephone at that conference by making arrangements with courtroom deputy Lashanda Scott.

## ANALYSIS

The basic procedural posture is that the plaintiffs do not oppose setting aside the entry of default and denying the motion for default judgment as (essentially) moot because they do not oppose Lindra Anderson's participation in this interpleader action. Also, application of Federal Rule of Civil Procedure 55(c) favors setting aside the default. Given that the parties have not consented to the undersigned's jurisdiction, the rest of this report and recommendation sets forth the analysis to support the district judge's setting aside the default.

**I. LEGAL STANDARDS**

Under Rule 55(c), a court may set aside an entry of default for "good cause." *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant lacked a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. *See Mesle*, 615 F.3d at 1091 (citing *Franchise*

1  *Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This
2  standard is disjunctive, meaning, the court may deny the request to vacate default if any of the
3  three factors is true. *See Mesle*, 615 F.3d at 1091 (citing *Franchise Holding II*, 375 F.3d at 925).
4  "Crucially, however, '[j]udgment by default is a drastic step appropriate only in extreme
5  circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle*, 615 F.3d at
6  1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

   The standard to set aside an entry of default is the same standard used to determine whether a
default judgment should be set aside under Federal Rule of Civil Procedure 60(b), except that in
the Rule 55(c) context, courts have greater discretion and can apply the standard more liberally to
grant relief from entry of default because there is no interest in the finality of a judgment. *See
Mesle*, 615 F.3d at 1091 n.1; *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.
2001); *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Mendoza v.
Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When considering whether to vacate
entry of default under Rule 55(c), the court's "underlying concern . . . is to determine whether
there is some possibility that the outcome of the suit after a full trial will be contrary to the result
achieved by the default." *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513. The inquiry "is at
bottom an equitable one, taking account of all relevant circumstances surrounding the party's
omission." *Brandt v. Am. Bankers Ins. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting
*Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.,* 507 U.S. 380, 395 (1993)). The decision lies in
the discretion of the court. *See Brandt*, 653 F.3d at 1111-12.

   As the party seeking to set aside entry of default, Ms. Anderson bears the burden of showing
good cause under this test. *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513. To ensure that cases
are decided on the merits whenever possible, the court resolves any doubt regarding whether to
grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

## II. APPLICATION

### A. Ms. Anderson Did Not Act Culpably

The first question under Rule 55(c) is whether Ms. Anderson "engaged in culpable conduct
that led to the default." *Mesle*, 615 F.3d at 1091. "[A] defendant's conduct is culpable if he has

received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 1092 (quoting *TCI*, 244 F.3d at 697 (emphasis in original)).

Where a party is not represented by counsel, and is itself legally unsophisticated, its default is intentional only if it "acted with bad faith." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 697). Bad faith would include an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the judicial process." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 698). The Ninth Circuit has "typically held" that a defendant's conduct was culpable under this inquiry where the defendant's conduct can be explained only as a "devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 698).

Culpability under Rule 55(c) is more readily found where the defaulting defendant was legally sophisticated or was represented by counsel. *See Mesle*, 615 F.3d at 1093. There is then no need to show that the defendant acted in bad faith. *Id.* "When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Mesle*, 615 F.3d at 1093. With notice of the lawsuit, in other words, a represented party who defaults is culpable under Rule 55(c). *See id.*

On March 19, 2015, Ms. Anderson explained that she did not know about the motion and did not have notice of case proceedings until she received notice of the motion. The undersigned does not find fault warranting the severe consequence of not participating in litigation about her entitlement to benefits under the pension plan, particularly given that the litigation is in its relatively early stages. Moreover, a court can choose to set aside the default. "A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not." *Brandt*, 653 F.3d at 1112. The Ninth Circuit has explained that, even where a defendant has acted culpably in defaulting, a court deciding a Rule 55(c) motion must consider all three factors (culpability, meritorious defense, and prejudice), "taking account of all relevant circumstances surrounding the party's omission," in view of the law's strong preference for trying cases on their merits. *See id.* at 1111-12.

### B. A Meritorious Defense

The second factor requires the court to consider whether Ms. Anderson lacked a meritorious defense, which in turn requires that she must allege "specific facts" that, if true, would constitute a defense. *See Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). Ms. Anderson has not answered, although now she must. (*See* Ira Anderson's Answer, ECF No. 6.) The burden at this stage is "not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). Under the circumstances of this interpleader action that are plainly apparent from the record (meaning, who is the surviving spouse entitled to the benefits), this factor does not militate against setting aside the default.

### C. The Plaintiff Would Not Be Unfairly Prejudiced By Setting Aside the Default

Finally, the trustees did not argue prejudice at the hearing and instead agreed that Ms. Anderson could appear in the litigation. There is no prejudice that justifies preserving a default under Rule 55(c), particularly given that the case law urges, "whenever possible," to try cases on their merits, and that the court's final obligation is to consider "all relevant circumstances" and then do equity. *See Mesle*, 615 F.3d at 1091 (merits); *Brandt*, 653 F.3d at 1111 (equity); *Pioneer Investment,* 507 U.S. at 395 (same).

## CONCLUSION

The court thus **RECOMMENDS** that the district court set aside the entry of default and deny the pending motion for default judgment as moot. The court **DIRECTS** Plaintiffs to serve a copy of this Report and Recommendation to Lindra Anderson. The court will provide a courtesy copy too by regular mail and by email and will note that it has done so on the docket sheet.

Any party may file objections to this Report and Recommendation with the district judge within 14 days after being served with a copy of this filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L. R. 72. Failure to file an objection may waive the right to review the issue in the district court.

///

///

///

1   **IT IS SO ORDERED.**

2   Dated: March 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge

REPORT AND RECOMMENDATION
(No.  14-cv-03694-JSW(LB))                7